**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

| | |
|---|---|
| **UNDRIO LAKEITH CHEFFIN #487345** | **CASE NO. 25-cv-175 SEC P** |
| **-vs-** | **JUDGE DRELL** |
| **TREVOR MCDONALD, et al.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

# JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein (ECF No. 18), and after a de novo review of the record, including Plaintiff's objections, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 14) is GRANTED and this civil action is DISMISSED WITH PREJUDICE.

In so ruling, we have noted Cheffin's written objections to the Magistrate Judge's Report and Recommendation. We observe that this is not a case where plaintiff has claimed or alleged any actual damage from the tobacco smoke he thinks is excessive or actionable. True enough, he does not have to do so, Helling v. McKinney, 509 U.S. 25 (1993), but it should be observed that this case is, plain and simple, a suit about anti-smoking procedures as a matter of law. Thus, as the Report and Recommendation has observed, the case is properly analyzed by the two-part test as set forth in the Report and Recommendation.

In his objections, Cheffin makes two basic arguments in an effort to show there is a genuine issue for trial: (1) somehow, liability attaches merely because the facility sells some tobacco products and (2) Cheffin claims he has not had an opportunity to conduct adequate discovery. As to the sale of tobacco, even if the claims are true, it is of no moment. It is not a violation of any

law or policy to sell tobacco for inmates to smoke in permitted areas outside. Cheffin attempts to support his position by citing a section of the Louisiana Administrative Code for the proposition that tobacco products are prohibited "on the grounds." The citation is in all cases misleading. The cited statute was promulgated by the Board of Elementary and Secondary Education ("BESE") for SCHOOLS, not for general application. Regardless, Cheffin has not overcome the evidence before the court that the defendants enforce their indoor nonsmoking policy; thus, he has not established deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

As to Cheffin's claim that he has not been able to conduct meaningful discovery, we note that he has not even attempted to conduct discovery, nor has he suggested what items he believes he would obtain through discovery that would support his case. His assertions are merely speculation; thus again, he has not shown that he can successfully compete with the Report and Recommendations findings and establish deliberate indifference. Id.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 22nd day of October 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**